The Honorable Elizabeth Smith Chairman, St. Francis County Election Commission P.O. Box 1653 Forrest City, AR 72336
Dear Ms. Smith:
This is in response to your request for an opinion regarding the filing deadline for municipal candidates in the City of Hughes, Arkansas. You note that Hughes, a city of the second class, passed an ordinance in February, 1992, pursuant to A.C.A. § 7-1-107 (see Repl. 1993), requiring independent candidates for municipal office to file by noon on the day before the preferential primary election. See City of Hughes Ordinance No. 219. You note further, however, that as far as you know, this Ordinance has never been enforced. You state that you have a petition from a candidate that was filed on May 20th. Your specific question in this regard is as follows:
 Do we allow this person's name to appear on the ballot as a candidate, or do we disallow anyone wishing to file by the deadline of September 4, 1998?
It is my opinion that as long as Ordinance 219 remains in effect (as discussed herein), and no court ruling is obtained to establish a different filing requirement, then the deadline for independent candidate filings in Hughes was no later than noon on May 18, 1998.[1] Thus, if the petition referenced in your opinion request was in fact filed on May 20th, it appears that this was not a timely filing. With regard to the September 4th deadline,[2] I believe a court might be receptive to the argument, based mainly upon lack of notice, that filings by this deadline should be accepted. But it should be emphasized that currently, as a legal matter, the May 18th deadline stands.
Some discussion is necessary. The Ordinance in this instance was apparently adopted under A.C.A. § 7-1-107 (see Repl. 1993), a section in the Election Code which was repealed in 1997 (Acts 1997, No. 445, § 5). This section is now effectively incorporated into A.C.A. §14-42-206(e)(1) by virtue of a 1997 amendment (see Act 645 of 1997, § 3), with the only change being the provision for filing with the county clerk rather than the election commission. Section 14-42-206(e)(1) now states:
 (e)(1) The governing body of any first class city, second class city, or incorporated town may enact an ordinance requiring independent candidates for municipal office to file petitions for nomination as independent candidates with the county clerk no later than noon on the day before the preferential primary election.
 (2) The ordinance shall be enacted no later than ninety (90) days prior to the filing deadline. The ordinance shall be published at least once a week for two (2) consecutive weeks immediately following adoption of the ordinance in a newspaper having a general circulation in the city.
A.C.A. § 14-42-206(e)(1) (Repl. 1998).
Prior to the 1997 amendment, A.C.A. § 14-42-206(e)(1) made specific reference to § 7-1-107, stating that "nothing in this section shall repeal 7-1-107 which allows municipalities to require independent candidates to file before the preferential primary election." This language derived from Acts 59 and 430 of 1991 (identical acts). See
A.C.A. § 14-42-206(e)(1) (Cum. Supp. 1991). This office thus concluded in 1992 that notwithstanding the previous uncertainty surrounding §7-1-107, this Code provision was revived by the 1991 acts (Acts 59 and 430). See Op. Att'y Gen. 92-254, discussing previous Op. Att'y Gen. Nos.90-228 and 90-209 (copies enclosed). I also opined in 1992 that an ordinance adopted by the City of Lonoke in 1989 pursuant to § 7-1-107
remained in effect until repealed or modified, i.e., there was no requirement that the ordinance be reenacted. Op. Att'y Gen. 92-066.
It is therefore my opinion, similarly, that the City of Hughes Ordinance in this instance, which was properly passed under existing authority in 1992, continues in force until altered or repealed. The City may wish to consider the possibility, discussed in the enclosed Opinion 92-254, of retroactively repealing the 1992 Ordinance. If, as noted in Opinion92-254, no valid independent candidate filing would be rendered invalid by such a repeal, then this may offer a means of establishing the September 4 filing deadline. Otherwise, it appears that Ordinance 219 will prevent filings made after noon on May 18, 1998.
It should perhaps be noted, finally, that in my opinion the lack of previous enforcement does not render the Ordinance invalid. I am aware of no general authority to this effect. Nor am I aware of any requirement that the City publicize the Ordinance, beyond the initial publication requirement (see A.C.A. § 14-42-206(e)(1)). Arguments may exist in favor of applying the September 4 deadline if candidates had no notice of the May 18 deadline. But this is a matter to be decided by a court, upon the proper presentation of such arguments. I cannot conclude that the election commission has independent authority to make these determinations.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The preferential primary election was held on May 19, 1998, in accordance with A.C.A. § 7-7-203 (Supp. 1997). As discussed further herein, the Ordinance in this instance was enacted pursuant to A.C.A. §7-1-107, which provided for a municipal independent candidate filing deadline of noon the day before the preferential primary.
[2] In the absence of a local ordinance providing otherwise, independent candidates for municipal office in cities and towns with the mayor-council form of government must file their petitions of nomination "not more than eighty (80) days nor less than sixty (60) days prior to the general election by twelve o'clock noon. . . ." A.C.A. §14-42-206(b)(1) (Repl. 1998). The general election is scheduled for November 3, 1998 (see A.C.A. § 7-5-102). Thus, the 60-day deadline under § 14-42-206 is noon on September 4, 1998.